FILED ____ ENTERED
LODGED ____ RECEIVED

SG  MAY 13 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

No Summons / SEA 104385

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

AMANA GLOBAL COMPANY, a sole proprietorship company, and HAFID TAHRAOUI, an individual,

    Plaintiffs,

vs.

KING COUNTY, a charter county of the State of Washington, and JOSH BALDI, in his official capacity, and DOES 1 through 10, inclusive,

    Defendants

Case No. 21-CV-00637-RSM

**VERIFIED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiffs Amana Global Company and Hafid Tahraoui, appearing Pro Se, and for causes of action against Defendant, complain and allege as follows:

## A. PARTIES

1. Plaintiff Amana Global Company ("Amana") is a sole proprietorship company organized under the laws of the State of Washington and doing business in King County.

2. Plaintiff Hafid Tahraoui ("Tahraoui"), owner of Amana, is an individual and resident of King County, Washington. Amana and Tahraoui are referred to as Plaintiff.

VERIFIED COMPLAINT FOR
CIVIL RIGHTS VIOLATIONS - 1

3. Defendant King County ("County") is a charter county of the State of Washington.

4. Defendant Josh Baldi ("Baldi") is the director for the King County water and land resources division. Defendants County and Baldi are referred to them collectively as "County".

4. Defendants Does 1 through 10 are as yet unknown individuals who, upon information and belief, may bear some liability for Plaintiffs' losses. The true names or capacities of Defendants Does 1 through 10 are unknown to Plaintiffs who therefore sue such defendants by such fictitious names and will amend this Complaint to show their true names and capacities when ascertained.

## B. JURISDICTION AND VENUE

8. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over the parties and venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because all parties are residents of and/or conduct business in this District, and the events giving rise to this action occurred in this District.

## C. FACTUAL ALLEGATIONS

10 In or around June 2014, the County, by and through its Water and Land Resources Division ("WLRD") and acting as agent for the District, started planning to

VERIFIED COMPLAINT FOR
CIVIL RIGHTS VIOLATIONS - 2

construct the Lower Russell Levee Setback Project (the "Project") located in Kent, Washington. The Project required the acquisition of several real properties, including the property owned by Bob Lee, located at 22230 Russell Road in Kent, Washington (the "Property").

11. In September 2014, the County entered into formal negotiations with Bob Lee to acquire his Property for the Project. The Property is a large commercial warehouse space with an outdoor storage yard occupied by eleven business tenants including Amana.

12. Plaintiff is a small business owner specializing in retail and wholesale for industrial equipment and supply. Plaintiff leases part of the warehouse and the yard space (the "Premises") for its business operations on the Property under a long-term lease agreement with the owner Bob Lee.

13. In May 2016, the County signed a purchase agreement to acquire the Property, including where Plaintiff's Premises are located. Said agreement was finalized on August 30, 2016, and the County became the new owner of the Property subject to Plaintiff's lease agreement.

14. On July 21, 2016, the County informed Amana and all other tenants on the Property that it was in the process of acquiring the Property for the Project and that it would be necessary for all tenants to vacate the Property. Prior to this date, Plaintiff and the other tenants were unaware that the County was going to acquire the Property.

15. Immediately after, Universal, acting as agent for the County, which was hired to manage the relocation of all tenants, informed Amana that the Property had been acquired by condemnation or the threat of condemnation, thereby terminating Amana's lease and informed Amana that it needed to vacate the premises.

16. Upon learning that its lease had been terminated and of the need to vacate, Plaintiff had no choice but to shut down its business operations and start preparing to move out. Because of the complexity and enormity of Amana's relocation, it was expected that its move would take three to four months to complete.

17. The County informed Plaintiff that it was entitled to relocation benefits which would be paid for by the County. For the following months, Plaintiff was standing by ready to move out, however the relocation benefits were not ready and available, thereby delaying Plaintiff's move.

18. Plaintiff complained multiple times to the County about the unreasonable delay in processing Amana's relocation entitlement and requested the benefits be made available to him as soon as possible so Amana could vacate its premises.

19. On June 1, 2017, The County issued a final determination summarizing the relocation benefits amount offered to Plaintiff.

20. In or around the end of June 2017, at which time Plaintiff had already made plans to start its move the following month, Plaintiff discovered for the first time that the Property was acquired by the County through voluntary sale, without use of condemnation or the threat of condemnation, and Plaintiff's lease was still valid. Immediately after, Plaintiff demanded from the County compensation for Amana's leasehold value and lost business income as a result of the County and Universal's false claim that Amana's lease was terminated.

21. At first, the County indicated its willingness to correct any wrongdoing it may have caused as quickly as possible so Amana could relocate and resume its business

operations. Later however, the County made a lowball offer to Tahraoui for Amana's leasehold value and refused any meaningful discussion about its offer.

22. In February 2018, after Tahraoui refused the County's offer, the County started a series of acts of retaliation and harassment in order to force Amana to vacate its premises. Specifically, the County demanded close to $60,000 in back rent and penalties to be paid within 5 days, and that all the material staged for the move-out be cleared out of the area not under its lease. The County also wanted to inspect Amana's warehouse space to see if there were any building code violations. The County caused Amana's business inventory to be exposed to theft resulting in over $60,000 in stolen and damaged property. When all these tactics did not work, the County decided to pursue condemnation as its last tactic to remove Amana from the premises.

23. Despite repeated requests from Tahraoui, the County refused to engage in any negotiations to resolve the dispute.

24. On July 11, 2018, the County Defendants brought a condemnation action to condemn Amana's leasehold interest.

25. On November 12, 2019, Plaintiff's leasehold was condemned, appropriating title to the County.

26. On November 22, 2019, the County served a 30-day notice requiring the Plaintiff to vacate because his lease was condemned. The County did not provide the 90-day notice required under 49 CFR 24.203(c). Also, the County did not provide any relocation assistance as required under the Unform relocation act.

27. On December 11, 2019, Plaintiff requested an appeal from the County regarding the County failure to provide relocation assistance and 90-day notice.

28. On January 15, 2020, the County filed an unlawful detainer action to evict the Plaintiff.

29. On January 29, 2020, Plaintiff requested a formal appeal under 49 CFR 24.10, for failure to provide 90-day notice and relocation assistance.

30. On March 13, 2020, the County refused to provide an appeal to Plaintiff.

31. On June 17, 2020, the County promised the Plaintiff to pay relocation assistance.

32. On August 1, 2020, Plaintiff leased new warehouse in Chehalis, WA to relocate his business based on the County's promise to pay for relocation assistances.

33. On February 11, 2021, the County refused to provide relocation assistance as promised and set a hearing for the eviction of the Plaintiff.

34. On March 12, 2021, the writ of restitution was issued for the eviction of the Plaintiff. Despite the writ had already expired, the sheriff executed the writ and the Plaintiff was evicted on May 10, 2021. The Plaintiff was excluded out of his entire business and everything is sized by the County.

35. The County has seized Plaintiff's property and refused to let Plaintiff access his property.

## D. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Preemption and Injective relief.**

36. Plaintiffs reallege and incorporate herein by this reference each and every allegation in the preceding paragraph of this Complaint as though fully set forth herein.

VERIFIED COMPLAINT FOR
CIVIL RIGHTS VIOLATIONS - 6

37. Plaintiff is a displaced person entitled to a 90-day notice under 49 CFR 24.203(c). County is required to comply with the uniform relocation act. 42 U.S.C. 4601.

38. Plaintiff is entitled to relocation assistance under 42 U.S.C. 4601 et seq.

39. The County brought an unlawful detainer to evict Plaintiff without providing a 90-day notice and the relocation assistance.

40. Under the Supremacy Clause, 49 CFR 24.203(c) preempts RCW 59.12.030(1). Specifically, the County was required to provide a 90-day notice before bringing an unlawful detainer action to evict the Plaintiff who qualified as a displaced person.

41. Under the Supremacy Clause, the uniform relocation act preempts the unlawful detainer statute Ch. 59.12 RCW. Specifically, the County is required to comply with 49 U.S.C 4622-25 before bringing an unlawful detainer.

42. The County violated Plaintiff's right guarantee under the Supremacy Clause

43. Plaintiff is entitled to an immediate injunction requiring Defendants to stop further execution of the writ of restitution and restore possession to Plaintiff.

## SECOND CAUSE OF ACTION

### Deprivation of Procedural Due Process U.S. Const. Amend. XIV

44. Plaintiffs reallege and incorporate herein by this reference each and every allegation in the preceding paragraph of this Complaint as though fully set forth herein.

45. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provide for right to Procedural Due Process.

46. Plaintiffs are entitled to relocations benefits under federal and state laws. State statutes provide that displaced persons are entitled to relocation assistance from a

state agency displacing them. See Ch. 8.26 RCW. Defendants also informed Plaintiffs of their eligibility for relocation assistance. Thus, Plaintiffs' have an interest in relocation benefits protected by state law.

47. Defendants informed Plaintiffs in writing that they must relocate. They then refused to pay relocation benefits and subsequently declared that Plaintiffs were not eligible for relocation benefits. Thus, the City's actions caused the deprivation of Plaintiffs' interests and were arbitrary and capricious.

48. Plaintiffs requested in writing an expedited appeal to defend their right to relocation benefits, but Defendants refused to respond.

49. Plaintiffs were entitled to a meaningful opportunity to be heard and defend against Defendants decision to deny them relocation benefits.

50. Defendants violated Plaintiffs' right to procedural due process guaranteed under the Fourteenth Amendments.

51. As a result of County Defendants' actions, Plaintiffs have been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Deprivation of Equal Protection U.S. Const. Amend. XIV

52. Plaintiffs reallege and incorporate herein by this reference each and every allegation in the preceding paragraph of this Complaint as though fully set forth herein.

53. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

54. The County treated Plaintiff differently than other similarly situated persons. Over a dozen businesses were displaced because of the same project as the Plaintiff. The County however compensated those businesses for their relocation benefits without any disagreement or adversarial reaction.

55. The County acted out of discriminatory animus toward the Plaintiff because he complained about the County's violations to his rights under the URA.

56. At all times, the County Defendants acted under color of the law.

57. Plaintiffs were damaged in an amount to be proven at trial and are entitled to recover their damages under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments.

## FOURTH CAUSE OF ACTION

### Unreasonable Seizure in violation of the Fourth Amendment

58. Plaintiffs reallege and incorporate herein by this reference each and every allegation in the preceding paragraph of this Complaint as though fully set forth herein.

59. The County Defendants violated Plaintiffs' Fourth Amendment rights to be free from unreasonable seizure of their property by depriving them out of their business property without due process of law.

60. Plaintiff are informed and believe that the acts of the County Defendants were intentional.

61. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer loss of their property and are entitled to compensatory damages for their property injury.

## REQUEST FOR RELIEF

Plaintiffs incorporate the preceding paragraphs by reference herein.

WHEREFORE, Plaintiffs seek the following relief:

1. Enter a temporary and preliminary injunction requiring that Defendants immediately stop all execution of the writ of restitution.

2. Punitive damages against Defendants sufficient to punish them and to deter further wrongdoing.

3. An award of injunctive relief to immediately stop the appropriation of Amana's leasehold interest.

4. Granting of declaratory relief and specifically declaring that the Judgment

5. Reasonable attorneys' fees and costs, pre- and post-judgment interest as provided by law; and

6. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of any issues so triable by right.

DATED this 13 day of May 2021.

*/S/ Hafid Tahraoui*
Hafid Tahraoui
Appearing Pro Se
on behalf of Plaintiffs
P.O. Box 88764
Seattle, WA 98138
hafid1416@yahoo.com



VERIFIED COMPLAINT FOR
CIVIL RIGHTS VIOLATIONS - 10

## VERIFICATION

I, Hafid Tahraoui, am the Plaintiff in the above-entitled action, and am the owner of Amana Global Company. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of May 2021, in Kent, Washington.

*/S/ Hafid Tahraoui*
Hafid Tahraoui



VERIFIED COMPLAINT FOR
CIVIL RIGHTS VIOLATIONS - 11