The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| AMANA GLOBAL COMPANY, a sole proprietorship company, and HAFID TAHRAOUI, an individual,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>KING COUNTY, a charter county of the State of Washington, and JOSH BALDI, in his official capacity, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　Defendants. | No. 21-CV-00637-RSM<br><br>KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS |

## I.　Introduction and Relief Requested

Defendant King County (the "County") requests the District Court to stay jurisdiction of Plaintiffs' (hereinafter "Tahraoui") federal claims until Tahraoui has exhausted his state court remedies regarding their eviction. If the Court determines it wishes to consider Tahraoui's Motion for a Temporary Restraining Order ("TRO"), it should deny the motion for the reasons set forth below.[1]  Finally, if the Court issues a TRO, it should set the bond amount at $2.5 million.

---

[1] As an example, the relief requested in Tahraoui's Motion for a TRO would abrogate the King County Superior Court's Order of November 12, 2019 condemning Tahraoui leasehold interest and the King County Superior Court's Order of March 12, 2021 authorizing issuance of a Writ of Restitution to evict Tahraoui from the County's Warehouse. See Motion for a TRO at page 4, lines 1-10.

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

## II. Plaintiff's Motion for a TRO

Tahraoui failed to file a proposed order with Motion specifically setting forth the relief requested and describing in reasonable detail the act or acts to be restrained or required in violation of LCR 65(b)(4). In addition, Tahraoui 35 page motion exceeded the 24 page limit for Motions for TROs set forth at LCR 7(e) (3).

## III. Statement of Relevant Facts

In August 2016, King County purchased real property located at 22230 Russell Road, Kent, WA 98032 (the "Property"), which features a large warehouse and adjacent yard. Declaration of Josh Baldi at ¶ 3. The County, in partnership with the King County Flood Control Zone District, purchased the Property for the completion of the Lower Russell Levee Setback flood protection project (the "Project"). Id. at ¶ 4. The Project, which will provide flood management benefits to the residents of King County, requires the demolition of the warehouse where Tahraoui's personal property is currently located ("County Warehouse"). Id. After the purchase, the County, at its own expense, relocated all warehouse tenants except for Tahraoui. Id. at ¶ 5. Throughout 2016, 2017, and 2018, Tahraoui and the County could not reach agreement as to terms to voluntarily relocate Tahraoui's personal property from the County Warehouse. Id. at ¶ 6.

Accordingly, on July 24, 2018, the County filed an eminent domain action to condemn Tahraoui's leasehold and ensure that the County could take possession of the warehouse as soon as possible to complete the Project. Declaration of John Briggs, Exhibit 1. On November 12, 2019, the Court entered a Final Judgment, Decree of Appropriation and Order of Disbursement which expressly terminated Tahraoui's leasehold. Declaration of John Briggs, Ex. 2.

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

Even with the condemnation Order in hand, the County and its professional relocation agents continued to attempt to relocate Tahraoui at the County's expense. Declaration of Josh Baldi at ¶ 7. Those attempts were unsuccessful and the County then had no choice but to file an unlawful detainer action to evict Tahraoui from the County warehouse in January 2020. When the Tahraoui showed signs that he wished to cooperate in moving his personal property from the County Warehouse in spring 2020, including executing a lease with another warehouse in Chehalis, the County put the unlawful detainer action on hold.  Id. at ¶ 8-9.

When Tahraoui still had not vacated the County's Property by February 2021 (with the County continually, and in writing, committing to pay all moving expenses), the County was left with no other options but to file a Motion to Show Cause requesting the issuance of a Writ of Restitution. On March 12, 2021, King County Superior Court Commissioner Mark Hillman granted King County's Motion for an Order authorizing the issuance of a Writ of Restitution. Declaration of John Briggs, Ex. 3.  After a nearly two month stay of further execution of the Writ of Restitution, the stay was lifted and Tahraoui was evicted on May 10, 2021.  Declaration of Hafid Tahraoui in support of the Motion for a Temporary Restraining Order at Id. at ¶ 6. Nevertheless, the County on May 11, 2021 sent a letter to Tahraoui restating its commitment to provide relocation benefits.  Declaration of John Briggs, Exhibit 4.

If the County is unable to take control of the County Warehouse by July 1, 2021 and quickly demolish it, the required work in the area of the warehouse described above will likely to be delayed until 2022 which will require the County to execute a $2.5 million dollar change order with its contractors.  Declaration of Josh Baldi at ¶ 7. Obviously, before the County's contractor can raze the warehouse, Tahraoui's personal property needs to be relocated. Since Tahraoui did not do so, the County will need to remove it, a process that will take —by

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

conservative estimate—thirty to sixty days.  Id at ¶16.  If the warehouse cannot be razed by August 1, 2021, it is likely the County will be presented with a $2.5 million change order.  Id. at ¶17.

### III. Statement of Issue

**Should the federal Court exercise jurisdiction and issue a TRO?**

**Answer: No.**

**Has Tahraoui made the necessary showing that is required before this Court is able to exercise its discretion to issue a TRO?**

**Answer: No.**

**Is the scope of relief requested in Tahraoui's Motion for a TRO improper?**

**Answer: Yes**

**If the Court issues the TRO, should it require Tahraoui to post a bond in the amount of $2.5 million?**

**Answer: Yes**

### IV. Evidence Relied Upon

The County relies upon the pleadings and records filed in this matter, as well as the Declarations of Josh Baldi and John Briggs submitted herewith, including all exhibits thereto.

### V. Authority

**1. This Court should defer asserting jurisdiction over Tahraoui's federal constitutional claims until the conclusion of his appeal of the state court eviction action.**

Tahraoui asserts that the County utilized the unlawful detainer statute codified at RCW 59.12 to deny his federal Universal Relocation Act claims.  The state trial court did not reach a conclusion as to the validity of Tahraoui's federal claims.  Tahraoui has stated that he is in the

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

process of filing an appeal of the trial court's decision with the Washington State Court of Appeals. The Court should use its discretion and defer consideration of Tahraoui's federal damage claims pending the conclusion of the state court proceedings. See Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells, 876 F. Supp. 641, 662 (D.N.J. 1995).

**2.    A TRO has one purpose.**

Courts properly use their discretion to issue a TRO in order to preserve the court's ability to render a meaningful decision on the merits. See Wright & Miller, Federal Practice and Procedure: Civil § 2947. Absent that concern, a TRO should not be issued. "Thus only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 572–73 (5th Cir. 1974). The "status quo" preserving function of a TRO greatly limits the scope of any TRO. The hearing on a TRO

> ...is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial. This is particularly true where the relief afforded, rather than preserving the status quo, completely changes it." Yet this is what Judge Clarke's order does, and it is based upon findings that purport to determine that Tanner breached the contracts, that its breaches could not be cured, and that Tanner has no substantial defense to the action. These are matters to be determined at trial, not upon the motion for preliminary injunction.

Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 808–09 (9th Cir. 1963).

Tahraoui requests the Court to issue a TRO that would change the status quo rather than preserve it. Tahraoui asks this Court, through the issuance of a TRO, to roll back the clock until November 11, 2019. At that time, Tahraoui had a valid lease at the County Warehouse.

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

1  Tahraoui asks the Court to issue a TRO that would invalidate the condemnation of his leasehold
2  interest by the King County Superior Court's November 12, 2021 Decree of Appropriation and
3  his eviction from the County's Warehouse authorized by the Writ of Restitution issued by the
4  King County Superior Court on March 12, 2021.  Tahraoui's proposed relief is far beyond the
5  scope of a TRO.

**3.      Tahraoui carries the heavy burden of establishing that issuance of a TRO is proper.**

Before a temporary restraining order may be issue, a plaintiff must establish: (1) a likelihood of success on the merits; (2) that irreparable harm is likely in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).  The burden of persuasion on in all of the four requirements is at all times upon the plaintiff." Id. at 573.[2] Tharaoui fails to meet that burden of persuasion.

   a.      **Likelihood of Success on the Merits**

The crux of the Tahraoui's lawsuit before this Court is that he was (1) deprived of his rights to relocation assistance and (2) the County has misused the summary proceeding of the UD to accomplish that deprivation.  Tahraoui's claims are untenable. Since 2016, the County has unwaveringly provided relocation assistance to him.  Even after his leasehold was condemned by the King County Superior Court on November 12, 2019, the County still provided relocation

---

[2] When a government, such as the County, is the party opposing the motion, the third and fourth factors merge into one.  Nken v. Holder, 556 U.S. 418, 129 S. Ct. 1749, 1753, 173 L. Ed. 2d 550

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

assistance to Tahraoui throughout 2020 and the first four months of 2021.  See Declaration of Josh Baldi at Id. at ⁋ 9-15.  Even after Tahraoui was evicted from the County Warehouse, the County committed to paying him relocation benefits.  Declaration of John Briggs, Exhibit 4.

The County did not evict Tahraoui from the County Warehouse to deny him relocation benefits.  Rather, it evicted him so it could relocate his personal property to his replacement warehouse in Chehalis in time to complete the Project this summer.  Declaration of Josh Baldi Id. at ⁋ 16-18.  On January 29, 2020 the County stated that, at the Tahraoui's request, it would pay all relocation costs directly to all move contractors.  During the summer of 2020 the County agreed to pay and did pay the first five months of rent and utilities ($32,500) at the warehouse in Chehalis to which Plaintiff requested its personal property be relocated.  Declaration of Josh Baldi at Id. at ⁋ 9-15.  At the same time the County paid Tahraoui $50,000 payment for "reestablishment expenses" authorized by WAC 468-100-306. Id.

Concerned that Tahraoui's delay in relocating its personal property would delay completion of the $54 million Lower Russell Road Levee relocation project, the County was forced to seek issuance of a Writ of Restitution.  The Writ was posted at the County warehouse on March 22, 2021 and executed by the King County Sheriff on May 10, 2021.  Despite the Tahraoui being evicted from the County's warehouse, on May 11, 2021, the County once again offered to relocate, at the County's expense, Tahraoui's personal property to the Chehalis warehouse.  Briggs Declaration, Exhibit 4.

    **b.**    **Irreparable harm to Tahraoui will not result if the Court denies the Motion for a TRO.**

(2009).

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

The County has steadfastly committed to relocating Tahraoui's personal property to the warehouse in Chehalis, as late as last week after Tahraoui was evicted. Declaration of John Briggs, Exhibit 4. Tahraoui argues that unless a TRO is issued, he will be deprived of his personal property forever because the County is moving quickly to dispose of Plaintiff's property from the County Warehouse. Even if Tahraoui's claim were true and the County planned on auctioning off Plaintiff's property, that action would not cause Tahraoui irreparable harm, a required showing before a TRO can be issued. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." United States v. Jefferson Cty., 720 F.2d 1511, 1519–20 (11th Cir. 1983). Even if the County sold Tahraoui's personal property, rather than relocating it as it has pledged to do from 2016 to the present, Tahraoui could not make the showing of irreparable harm since the trial court could require the County to pay him for the value of his personal property.

      c.      **The balance of the equities in this case favors the County**

The Court should not grant Tahraoui's Motion for a TRO because the balance of equities favor the County and the possibility for harm to the County if a TRO is issued is extremely likely. The County has been unwavering in its commitment of resources and funds to move Tahraoui's personal property to his warehouse in Chehalis. Tahraoui asked the County to make advance payments to all contractors that will provide relocation services. The County agreed. Tahraoui asked the County to make his August, September, October and December rent/utility payments at the Chehalis warehouse so that he could have time to relocate his personal property from the County's warehouse by December 31, 2020. The County paid him. Declaration of Josh Baldi at ¶ 10. Tahraoui requested the County to pay $50,000 in reestablishment funds. The

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

County paid him. Id.  The County has done all in its power to aid Tahraoui relocate his personal property from the County's Warehouse.

Contrast the County's relocation actions to the actions of Tahraoui.  Despite the fact that his leasehold for a portion of the County's warehouse was condemned on November 12, 2019, Tahraoui has illegally occupied the County's warehouse without payment ever since.  After promising to relocate his personal property from the County's warehouse by December 31, 2020, in November 2020, Tahraoui presented the County with a new relocation timeline that delayed the relocation of his personal property from the County's warehouse until April 15, 2021.  Baldi Declaration Baldi at ¶ 14. Amazingly, Tahraoui then requested the County to pay his rent/utility payments at the Chehalis warehouse for January, February, March and April of 2021.  Id.  The County committed to making those payments if Tahraoui would enter into contracts with the move contractors.  He refused to do so.  Id. at ¶ 14.  As of the date of this response, Tahraoui has not provided the County with one executed contract with a move vendor.  Id. at ¶ 15.

The County will be harmed if the TRO is issued.  Tahraoui asks this Court to issue a TRO that will give him exclusive control of the County Warehouse.  Time of is of the essence in allowing the County's contractor to complete work on essential features of the Project in the area of the County Warehouse during the summer 2021 construction season.  The Contractor cannot begin any of that work until the County's warehouse is razed.  If Tahraoui's personal property is not removed from the County Warehouse in the next few months, work on the Project will be delayed until the 2022 construction season.  Declaration of Josh Baldi at ¶ 7   This delay will most likely lead to the County being presented with a $2.5 million change order from the contractors working on the Project. Id. at ¶ 17.  In light of that harm to the County and the residents of King County, the Court should deny Tahraoui's Motion for a TRO.

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

**4.     If the Court grants the TRO, it should require a bond of $2.5 million to compensate the County for its likely damages.**

For the reasons set forth above, the Court should require a $2.5 million bond in light of the change order in that amount the County will have to pay if the project cannot be completed this summer.

### VI.     Conclusion

For the reasons set forth above, the Court should deny Tahraoui's Motion for a TRO. If the Court issues a TRO, it should require Tahraoui to post a $2.5 million bond.

DATED this 17th day of May, 2021.

                                      DANIEL T. SATTERBERG
                                    King County Prosecuting Attorney

                                    By: s/*John Briggs*
                                    John Briggs, WSBA # 24301
                                    Senior Deputy Prosecuting Attorney
                                    Attorney for Plaintiff King County

                                    W400 King County Courthouse
                                    516 3rd Avenue
                                    Seattle, WA 98104
                                    Telephone: (206) 477-1120
                                    E-mail: john.briggs@kingcounty.gov

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER
(21-CV-00637-RSM)- 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 17, 2021 I electronically filed the foregoing document with the Clerk of the Court using the KCSC E-Filing System.

On the same day, I also caused a copy of the foregoing document to be served on the following parties in the manner noted below:

Abdulhafid Tahraoui
Defendant Pro Se
hafid1416@yahoo.com
(Via KCSC E-Service)

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

SIGNED and DATED this 17th day of May, 2021 at Seattle, Washington.

By: *Natalie Brown*
NATALIE BROWN
Paralegal, Civil Division
Email: natale.brown@kingcounty.gov

---

KING COUNTY'S RESPONSE TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (21-CV-00637-RSM)- 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Real Property Section
W400 King County Courthouse
516 Third Avenue
Seattle, Washington  98104
(206) 477-1120  Fax (206) 296-0191