|  |  |
|---|---|
| AMANA GLOBAL COMPANY, a sole proprietorship company, and HAFID TAHROUI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, et al.,<br><br>Defendants. | Case No. C21-637-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE

This matter comes before the Court on pro se Plaintiffs' Motion for Temporary Restraining Order ("TRO"). Dkt #2. Plaintiffs, a sole proprietorship company, Amana Global, and the owner Hafid Tahroui, were recently evicted from a commercial property by their landlord, King County. Plaintiffs now move to stop enforcement of legal action in state court and to enjoin King County from removing millions of dollars in equipment and other personal property from the premises. Dkt. #2 at 8–9. King County has filed a response brief. Dkt. #12. Plaintiffs filed a supplemental declaration, Dkt. #10, and a reply brief, Dkt. #15.[1]

---

[1] Supplemental declarations are not permitted absent leave of the Court. This declaration contains argument and reads more like a brief. Reply briefs to TRO motions are also not permitted. LCR 65(b)(5). The Court has nevertheless reviewed these filings and finds that they do not materially alter the analysis of this Order.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

This case has a lengthy factual and procedural history. Because the parties are familiar with this history, being involved in prior state court litigation, this Order will focus only on the facts necessary to resolve the instant Motion.

Back in 2016, King County purchased the real property and warehouse located at 22230 Russell Road in Kent, Washington. Dkt. #14 ("Baldi Decl."), ¶ 3. The County purchased this property for the completion of the Lower Russell Levee Setback flood protection project (the "Project"). *Id*. at ¶ 4. The County was able to successfully relocate all of the commercial tenants except for Defendant Amana Global Company.[2] *Id*. at ¶ 5. Relocation agents met with Defendant Tahraoui in 2016, 2017, and 2018 to negotiate for the removal of his company's extensive personal property. *Id.* at ¶ 6. These negotiations failed.

On July 24, 2018, King County filed a petition with King County Superior Court to condemn Mr. Tahraoui's leasehold. Dkt. #13-1. On November 12, 2019, that Court entered a Final Judgment, Decree of Appropriation and Order of Disbursement which terminated Tahraoui's lease. Dkt. #13-2.

King County still attempted to relocate Plaintiffs' personal property at the County's expense. Baldi Decl., ¶ 7. The parties failed to reach an agreement, and the County filed an unlawful detainer action to evict Plaintiffs in January 2020. Further negotiations put the unlawful detainer action on hold. *Id.* at ¶¶ 8–9. Mr. Tahraoui began to plan a move to Chehalis, Washington. Dkt. #3 ("Tahraoui Decl."), ¶ 8. He leased a warehouse there on August 1, 2020. *Id.* He states he has spent "over $80,000 on site improvement to make it ready for the relocation," and that "[f]or the last seven months substantial progress has been made to relocate my business and now we are at the last phase in getting the relocation completed." *Id*. at ¶¶ 13 – 14. However, he also states via declaration that "the relocation of

---

[2] Amana Global specializes in retail and wholesale industrial equipment and supply. *See* Dkt. #1 at 3.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

my business… costing over $1.5 million and will take 5 to 6 months to complete." *Id*. at ¶ 12. The Court notes that the warehouse in Chehalis was leased over nine months ago.

With Mr. Tahraoui still not vacating the premises by February 2021, King County filed a Motion to Show Cause requesting the issuance of a Writ of Restitution in King County Superior Court. On March 12, 2021, King County Superior Court Commissioner Mark Hillman granted King County's Motion for an Order authorizing the issuance of a Writ of Restitution. Dkt #13-3. After a nearly two-month stay of further execution of the Writ of Restitution, the stay was lifted and Tahraoui was personally evicted on May 10, 2021.

On May 11, 2021, King County sent a letter to Mr. Tahraoui with a plan to provide relocation benefits and to move the extensive personal property at issue to the new warehouse. Dkt. #13-4. The later also stated:

> Finally, during yesterday's ex parte hearing you mentioned that you have personal items at the warehouse, including a computer. As a courtesy, if you provide a clear list of a few (no more than 10 items), including the location of said items with specificity sufficient to allow County staff to identify and locate the items, the County will arrange for a time and place for you to retrieve them, documented by receipt.

*Id*. at 3.

Typically, to succeed on a TRO motion the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*,

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

632 F.3d 1127, 1131 (9th Cir. 2011).  However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.  TRO motions in this district are limited to 24 pages.  LCR 7(e)(3).

The Court has reviewed Plaintiff's 32-page Motion and is primarily concerned with the showing of irreparable harm.  Irreparable harm is the reason for filing a TRO motion as opposed to obtaining relief in the normal course of litigation.  Plaintiffs devote most of their over-length Motion to the complex procedural history of this case, with many tangential arguments about the legality of King County's actions in state court and beyond.  Very little is said of irreparable harm; only one page is expressly devoted to proving this element.  Plaintiffs contend, "the County is moving quickly to dispose of Plaintiff's property… unless the Court intervenes immediately and stop further irreparable harm." Dkt. #2 at 33.  Plaintiffs assert this property "will be disposed and gone forever without any legal remedy because the writ is a lawful order even if overturned on appeal." *Id.*  Plaintiffs accuse the County of continuing to "ignore" that they are entitled to relocation assistance. *Id.*  Plaintiffs cast the current situation of being "locked out and deprived of his property" as irreparable harm.  Plaintiffs appear to make the argument that the County is looking to sell off the property quickly so that relocation assistance is no longer necessary, and that this would constitute another kind of irreparable harm.

In Response, King County states that it "has steadfastly committed to relocating Tahraoui's personal property to the warehouse in Chehalis," but that even if the accusation that it is trying to sell off the property were true, such would not cause irreparable harm because Mr. Tahraoui could simply be compensated for his loss.  Dkt. #12 at 8.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

The Court agrees. The remaining personal property appears to be industrial equipment and commercial in nature, *i.e.* fungible goods. If this equipment is sold, Mr. Tahraoui can seek compensation later if legally permitted. If the equipment is relocated, as King County says it will be, there will be no injury. Even if the sale of the equipment were to somehow prejudice Mr. Tahraoui's ability to seek relocation assistance, he has failed to demonstrate that future assistance could not be calculated and reimbursed at the end of this or some other legal action. The record appears to show Mr. Tahraoui is making these arguments as a further stalling tactic rather than being genuinely concerned with irreparable harm.

Plaintiffs make a point to compare this situation to an individual being evicted from his primary residence. *See* Dkt. #2 at 8 ("The Plaintiff is in a like [sic] homeless situation…"); Tahraoui Decl. at ¶ 7 ("The County has seized all my business assets and inventory and I am dispossessed of everything I own…"); Dkt. #15 at 5 ("Courts across the country have held that eviction is an irreparable harm."). However, being "evicted and locked out of my business," Tahraoui Decl. at ¶ 6, is not the same thing as being evicted from one's primary residence. Other than Plaintiffs' use of the word "homeless," the Court has no reason to believe that Mr. Tahraoui, the owner of a million-dollar business, is currently without a residence. Elsewhere in his declaration he describes the difficulty of relocating to Chehalis because it would "require almost 3 to 4 hours around [sic] trip drive to get to my work every day." Tahraoui Decl. at ¶ 48. This implies that he has a separate home closer to his current warehouse. To the extent that Mr. Tahraoui has been forcibly separated from personal items, such as his computer or files, the record shows Defendants have offered to retrieve these and deliver them to Plaintiffs. The Court believes future negotiations could easily resolve the issue of personal items left on the property without Court action.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

Given all of the above, the Court finds that Plaintiffs have failed to show irreparable harm, and the Court need not examine the other factors above to find that this Motion can be denied.

The Court notes it has concerns about subject matter jurisdiction in this action and questions whether it should not otherwise defer to ongoing state court proceedings. Plaintiffs' Motion speaks of pending state court action, Dkt. #2 at 10, and King County argues that Mr. Tahraoui intends to file an appeal, Dkt. #12 at 5. The Court cautions the parties against pursuing parallel claims in state and federal court and advises that it may need further briefing on these issues as the case proceeds.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Temporary Restraining Order, Dkt. #2, is DENIED.

DATED this 18th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE