UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA GLOBAL COMPANY, a sole proprietorship company, and HAFID TAHROUI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, et al.,<br><br>Defendants. | Case No. C21-637-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on pro se Plaintiffs' Motion for Reconsideration regarding the Court's Order denying Plaintiffs' Motion for a Temporary Restraining Order ("TRO"). Dkt #18. Mr. Tahroui argues the Court "overlooked Plaintiff's alleged constitutional rights violations, and the argument that there exists a presumption of irreparable harm where the violation of a constitutional right is alleged." *Id*. at 1. (citing *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996)). Mr. Tahroui argues that "the dispossession of his property will certainly put him out of business thereby causing him severe emotional distress, in addition to financial hardship" and that this constitutes irreparable harm. *Id*. at 2. Responding to the Court's concern about subject matter jurisdiction, he argues that the "issue in this action, is about Plaintiff's right to relocation assistance under the [Uniform Relocation Act], which the

ORDER DENYING MOTION FOR RECONSIDERATION - 1

state court specifically preserved for other forum like this court. However, the issue in state court is about the writ of restitution and nothing else." *Id*. at 3.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

The Court did not overlook Mr. Tahroui's constitutional claims. However, his Motion referenced such claims mainly to justify this Court's jurisdiction, *see* Dkt. #2 at 17 and 21, an issue which the Court has deferred ruling on given the limited briefing on the subject and the emergency nature of the requested relief. The TRO Motion failed to articulate how alleged constitutional violations constitute irreparable harm in this case, other than by merely saying it was so. Instead, the Motion focused on the harms of being separated from personal property and the possibility of having industrial equipment sold at auction. These harms, as presented, are not irreparable. Even now it is unclear whether Mr. Tahroui was seeking to stop Defendants from enforcing the state court eviction or to obtain monetary relief related to relocation, or some mixture thereof (see below). Because Mr. Tahroui had the burden to demonstrate irreparable harm, this lack of clarity cuts against granting the Motion. Merely pleading constitutional claims is not a basis for obtaining immediate relief from otherwise reparable harm.

"Severe emotional distress" was not argued in the original TRO Motion, is not an inherent injury from being locked out of one's business property, and could have been brought to the Court's attention earlier with reasonable diligence. In any event, the Court would be

ORDER DENYING MOTION FOR RECONSIDERATION - 2

unlikely to find emotional distress sufficiently established as a harm based on a few sentences in briefing.

Given all of the above, the Court finds that Mr. Tahroui has failed to demonstrate manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Accordingly, this Motion will be denied.

Although not necessary for ruling on this Motion, the Court wishes to address Mr. Tahroui's statement that the issue here is his right to relocation assistance under the URA, unlike the state court action which is about the writ of restitution. This stands in stark contrast to the Complaint where it is alleged that the URA "preempts the unlawful detainer statute" and that Mr. Tahroui is "entitled to an immediate injunction requiring Defendants to stop further execution of the writ of restitution and restore possession to Plaintiff." Dkt. #1 at 6–7. If this case was really just about the URA, then the harm at issue—relocation assistance—would not require emergency relief and could likely be redressed by an award at the end of this case. Mr. Tahroui's attempts to distinguish this case from the state court action further cut against the granting of a TRO, or a finding that the Court's prior ruling contained manifest error.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Temporary Restraining Order, Dkt. #18, is DENIED.

DATED this 19th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE