UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA GLOBAL COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY, *et al.*, <br><br> Defendants. | Case No. C21-637-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs' Motion to Continue Trial Date and Amend Case Schedule ("Plaintiffs' Motion"), seeking a ten-month continuance. (Pls.' Mot. (dkt. # 101).) Defendants King County and the King County Flood Control District filed an opposition ("Defendants' Response"). (Defs.' Resp. (dkt. # 109).) No other defendant filed a response. Plaintiffs filed a reply ("Plaintiffs' Reply"). (Pls.' Reply (dkt. # 105).)

On May 13, 2021, Plaintiffs filed this action against King County, one individual defendant, and "Does 1 through 10." (Dkt. # 1 at ¶¶ 3-4.) On February 27, 2023, Plaintiffs filed an amended complaint adding three entity defendants, eight individual defendants, and "Does 1 through 5." (Dkt. # 86 at ¶¶ 8-26.) Plaintiffs state that as of March 16, 2023, "six of these new defendants have yet to be served." (Pls.' Mot. at 2.) The deadline for Plaintiffs to serve the

ORDER - 1

remaining new defendants is April 6, 2023. (Dkt. # 96.) Discovery is currently set to be completed by June 5, 2023, and trial is set for October 2, 2023. (Dkt. # 54.)

Plaintiffs now seek to "continue the trial date and amend the case scheduling deadlines by ten (10) months" because "[s]everal deadlines are due very soon and cannot be met by the Plaintiffs." (Pls.' Mot. at 2.) Plaintiffs contend they need more time because Plaintiff Hafid Tahraoui was unable to work on this case for "almost three months" beginning late November 2022, and is "a pro se litigant with limited resources and will need much more time for discovery and other legal tasks." (*Id.* at 3.) Plaintiffs also argue a continuance is needed "due to the recent addition of eleven (11) new defendants who will require significant amount of time for discovery." (*Id.*)

Defendants contend Plaintiffs' Motion should be denied because Plaintiffs have not diligently pursued this litigation, accomplishing little in nearly two years except filing an amended complaint, and engaging in no discovery. (Defs.' Resp. at 2; *see also* Pls' Mot. at 2 (noting that no discovery has commenced).) Defendants contend "the eleven new defendants . . . and their alleged conduct were well known to Plaintiff Tahraoui, who was heavily involved in every aspect of the move and relocation processes of which he complains" as evidenced by Plaintiffs' filing of several other actions in both state and federal court "arising out of substantially same facts." (Defs.' Resp. at 3 n.1, 4.)

The Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

ORDER - 2

Here, Plaintiffs' Amended Complaint alleges Mr. Tahraoui interacted with several of the newly added defendants as early as 2016. (Dkt. # 86 at ¶¶ 30, 33, 41, 48, 74.) Given that Plaintiffs were able to name the new defendants without taking any discovery, there is no indication that they could not have done so earlier in the case. By failing to add the new defendants until nearly two years after filing suit, Plaintiffs did not exercise diligence. Thus, any difficulty in meeting the current deadlines is due to their own lack of diligence, and Plaintiffs have not shown good cause for a continuance. *See* W.D. Wash. Local Civil R. 16(b)(6) ("Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

On reply, Plaintiffs argue they worked diligently because they joined the new defendants and amended their complaint "according to the case schedule." (Pls.' Reply at 5.) This ignores the fact that the deadline for amended pleadings had already been extended multiple times, at Plaintiffs' request, from September 2022 to January 2023. (*See* dkt. ## 54, 57, 73, 78, 84.) Plaintiffs state that they "did not deliberately delay the joining of parties and amending the complaint" but offer no reason why they could not have named all defendants in the original complaint or, at minimum, amended the complaint to name the new defendants sooner than two years after filing the instant suit. (Pls.' Reply at 3.)

In addition, the Court finds Plaintiffs have not made a showing of prejudice if the requested continuance is denied. While Mr. Tahraoui may have been unable to work on the case for almost three months, he is apparently now recovered. Plaintiffs state they "will not have the ability to conduct discovery or take needed depositions[,]" but have not given any specific reason why they cannot complete discovery in the remaining time. (Pls.' Mot. at 3.) On reply, Plaintiffs assert that they "will not be able to conduct any discovery related to the new eleven Defendants"

ORDER - 3

but, again, offer no support or explanation. (Pls.' Reply at 6.) More than two months remain in the discovery period, and trial is over six months away.

The Court concludes Plaintiffs have not shown diligence, and thus cannot establish good cause for a continuance. Accordingly, Plaintiffs' Motion (dkt. # 101) is DENIED.

Dated this 28th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4