UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA GLOBAL COMPANY, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> KING COUNTY, *et al.*, <br><br>  Defendants. | Case No. C21-637-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs' Unopposed Motion for Extension of Time and for Alternative Service ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 128).) Plaintiffs seek confirmation that they have properly served Defendant Marco Vargas Jr. or, in the alternative, authorization for alternative service or an extension of time to serve. (*Id.* at 2-3.) No defendant filed a response.

Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court DENIES Plaintiffs' Motion (dkt. # 128).

## I. BACKGROUND

In a declaration accompanying Plaintiffs' Motion, Plaintiff Hafid Tahraoui states that all named defendants aside from Mr. Vargas, including Mr. Vargas' company, MVA LLC, have

ORDER - 1

been served or have waived service. (Tahraoui Decl. (dkt. # 129) at ¶ 4.) Mr. Tahraoui attempted to serve Mr. Vargas by emailing his business email address and by sending registered mail and a process server to Mr. Vargas' business address in Kirkland, Washington. (*Id.* at ¶¶ 7, 9, 12.) Mr. Tahraoui has been unable to locate Mr. Vargas' home address. (*Id.* at ¶¶ 5, 10-11.) A process server personally delivered the summons and complaint to Mr. Vargas' son, who also works for Mr. Vargas's business, at their Kirkland business address. (*Id.* at ¶ 13; *see* Decl. of Service (dkt. # 129 at 18).)

## II.   DISCUSSION

### A.   Service

Under the Federal Rules of Civil Procedure, an individual may be served within a judicial district of the United States by methods authorized under state law, by delivering to the individual personally or to an authorized agent, or by leaving a copy "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ. P. 4(e). Washington permits service on an individual personally, by leaving it at the person's abode with an appropriate individual, or if not feasible, by mail to the person's abode. RCW 4.28.080(16)-(17).

Plaintiffs have not served Mr. Vargas by any of the methods specified by the Federal Rules or Washington's service statute. They have not been able to personally serve Mr. Vargas or locate his usual abode, and there is no indication that Mr. Vargas' son is his authorized service agent under the Federal Rules. Washington courts have specifically held that "[a]n individual defendant cannot be served by serving an employee at defendant's place of business." *Dolby v. Worthy*, 141 Wash. App. 813, 817 (Wash. Ct. App. 2007) (citing *French v. Gabriel*, 57 Wash.

ORDER - 2

App. 217, 226 (Wash. Ct. App. 1990), *aff'd*, 116 Wash.2d 584 (1991)). Accordingly, the Court concludes service has not been perfected.

### B.     Alternative Service

Plaintiffs seek authorization to serve Mr. Vargas either through "his email address listed on his company website" or by mail "to his business address." (Pls.' Mot. at 3.) Plaintiffs cite no authority for such alternative service.

Federal Rule of Procedure 4(e)(1) allows a plaintiff to effect service by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Washington's service by publication statute, RCW 4.28.100, provides in relevant part:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases:
>
> . . .
>
> (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent[.]

RCW 4.28.100. Washington Superior Court Civil Rule ("CR") 4 provides that, "[i]n circumstances justifying service by publication," a court may alternatively order service by mail "if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication[.]" CR 4(d)(4).

"Service by publication or mail is in derogation of the common law," and therefore a party must strictly comply with the statute. *Rodriguez v. James-Jackson*, 127 Wash. App. 139, 143 (Wash. Ct. App. 2005). A plaintiff must set forth facts, not mere conclusory allegations, showing the statutory requirements have been met. *See Canal Ins. Co. v. Mengeste*, 2019 WL 2491951, at *2 (W.D. Wash. June 14, 2019) (finding conclusory allegations of RCW 4.28.100(2) statutory factors insufficient to grant service by publication); *Bruff v. Main*, 87 Wash. App. 609, 612 (Wash. Ct. App. 1997) (denying service by publication where affidavits failed to include facts suggesting defendant's conduct was undertaken with intent required under RCW 4.28.100(2))).

Plaintiffs have not fulfilled the statutory requirements of RCW 4.28.100(2). Plaintiffs have failed to provide facts clearly demonstrating Mr. Vargas: (1) is in fact a resident of Washington; and (2) has specifically departed from Washington with intent to defraud his creditors or to avoid service of a summons; or (3) is keeping himself concealed with like intent. *See* RCW 4.28.100(2).

Plaintiffs rely on conclusory assertions of an intent to conceal and fail to set forth specific facts from which such intent may be inferred. Mr. Tahraoui states that he is "certain that Mr. Vargas has been avoiding service and concealing himself to make it impossible to find him." (Tahraoui Decl. at ¶ 18.) Mr. Tahraoui apparently bases this conclusion on the facts that: (1) he has emailed Mr. Vargas and his son without response; (2) he "sent a registered mail with the summons and complaint to Mr. Vargas' business address but he refused to receive it"; and (3) Mr. Vargas' son "stated that his father is traveling and did not provide any information about him." (*Id.* at ¶¶ 6-9, 14.) Mr. Tahraoui is also "certain that Mr. Vargas has been informed about this lawsuit through his son and the multiple emails sent to him and his business." (*Id.* at ¶ 17.)

ORDER - 4

The facts alleged support an inference that Mr. Vargas and his son have not affirmatively cooperated to complete service. None of these facts, however, support an inference that Mr. Vargas concealed himself with the intent to avoid service.

Washington courts require more. In *Bruff*, the defendant "changed his residence twice" and had a "history of credit problems[.]" 87 Wash. App. at 613. Nevertheless, the court held service by publication was not authorized because "[plaintiffs'] affidavits contained no facts clearly suggesting that [defendant's] change of residence, or any other conduct, was undertaken with the intent required by RCW 4.28.100(2). RCW 4.28.100(2) does not authorize service by publication merely because [plaintiffs] were unable to locate [defendant], despite diligent efforts." *Id.* at 614; *cf. Boes v. Bisiar*, 122 Wash. App. 569, 579 (Wash. Ct. App. 2004) (That defendant left the state for the final 10 days before the statute of limitations ran, "together with his knowledge that the statute was running out, supports the required inference of intent to avoid service.").

Plaintiffs have not set forth facts clearly suggesting an intent to conceal. Accordingly, the Court concludes alternative service is not authorized.

**C.     Extension of Time to Serve**

Plaintiffs seek an additional 21 days to serve Mr. Vargas. (Pls.' Mot. at 3.) Plaintiffs have already received multiple extensions of time to complete service. (Dkt. ## 96, 121.) Service was required by April 20, 2023. (Dkt. # 121.) Moreover, this action has been pending for nearly two years and, in ruling on a motion for continuance, this Court has already found that Plaintiffs offered no reason they could not have named defendants such as Mr. Vargas much sooner. (Dkt. # 110.)

Plaintiffs offer no explanation for how granting an additional 21 days would enable service to be completed. Particularly in light of the significant extensions already granted, the Court concludes Plaintiffs have not met the good cause standard under Fed. R. Civ. P. 4(m).

Accordingly, the Court denies Plaintiffs' request for an additional extension of time to complete service. Because Mr. Vargas was not timely served, all claims against him must be dismissed. Fed. R. Civ. P. 4(m).

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion (dkt. # 128). All claims against Marco Vargas Jr. are DISMISSED without prejudice.

Dated this 1st day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6