UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA GLOBAL COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY, *et al.*, <br><br> Defendants. | Case No. C21-637-MLP <br><br> ORDER |

On May 22, 2023, Plaintiffs Amana Global Company and Hafid Tahraoui ("Plaintiffs"), both proceeding *pro se*, filed a "Motion for Extension of Time to File Disclosure of Rebuttal Expert Witnesses pursuant to FRCP 26(a)(2)" ("Plaintiffs' Motion").[1] (Dkt. # 147.) Plaintiffs' Motion requests a 21-day extension of time "to file disclosure of rebuttal expert witnesses pursuant to FRCP 26(a)(2), by June 12, 2023." (*Id.* at 2.) Per the scheduling order previously entered in this case, Plaintiffs' deadline to submit reports from their rebuttal expert witnesses was May 22, 2023. (*See* dkt. # 54.)

Plaintiffs contend good cause exists for an extension because: (1) Mr. Tahraoui is having difficulty retaining a rebuttal expert witness because "said witnesses are either not comfortable

---

[1] Amana Global Company is operated by Mr. Tahraoui as a sole proprietorship. (*See* Compl. (dkt. # 1) at 1, ¶¶ 1-2; *id.* at 10.)

ORDER - 1

working with a *pro se* litigant or do not want to testify against King County"; (2) due to heavy workload, Mr. Tahraoui needs additional time to review King County's expert witness report. (Dkt. # 147 at 2.)

Defendants King County, Josh Baldi, Linda Holecek, Michael Murphy, Brad Schabert, and John Taylor ("King County Defendants") oppose Plaintiffs' request.[2] (Dkt. # 148.) King County Defendants initially note that Plaintiffs failed to file a corresponding declaration or affidavit with their Motion as required by Local Civil Rule ("LCR") 7(b)(1), and therefore, there are no facts in the record for the Court to determine if good cause exists. (*Id.* at 2.)

King County Defendants further argue that even if considered, the facts asserted in Plaintiffs' Motion do not amount to good cause because Plaintiffs had ample time to review the 11-page report of King County's expert witness Jeff Lounsberry as it was provided to Plaintiffs on April 24, 2023. (Dkt. # 148 at 3 (citing Briggs Decl., Ex. 1 (dkt. # 149-1)).) King County Defendants additionally argue that Plaintiffs failed to provide the Court with any specific information detailing their efforts to hire an expert witness for the Court to determine whether Plaintiffs' inability to hire a rebuttal expert witness amounts to good cause. (*Id.* at 3-4.)

On reply, Plaintiffs submit that they "inadvertently" failed to provide a declaration in support of their Motion but have now submitted a declaration for the Court's consideration. (Dkt. ## 150 at 2, 151.) Plaintiffs contend that review of Mr. Lounsberry's expert report actually requires examination of over 100 pages of material, that Mr. Tahraoui has now detailed his unsuccessful efforts to retain an expert witness in his declaration submitted in reply, and that

---

[2] King County Defendants additionally filed their response on behalf of "Does 1 through 10," who were previously dismissed by Plaintiffs on February 27, 2023, upon the filing of their amended complaint. (*See* dkt. # 86.) A notice of appearance has not been entered for "Does 1 through 5" who appear to have been substituted in the amended complaint and have not been served.

ORDER - 2

1 | King County Defendants fail to argue or demonstrate that they would be prejudiced by an

2 | extension.[3] (*Id.*)

3 | The Court's scheduling order "may be modified only for good cause and with the judge's

4 | consent." Fed. R. Civ. P. 16(b)(4). To establish "good cause," parties seeking modification must

5 | generally show that they cannot meet the established deadlines despite the exercise of due

6 | diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While the

7 | Court is mindful that it must construe a *pro se* party's pleadings liberally, *pro se* litigants are still

8 | "bound by the rules of procedure." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

9 | Here, Plaintiffs' extension request was submitted at 11:26 p.m. on May 22, 2023, the

10 | deadline for rebuttal expert witness reports. (*See* dkt. # 147.) Pursuant to LCR 7(j), a motion for

11 | relief from a deadline should be filed sufficiently in advance of the deadline to allow the Court to

12 | rule on the motion prior to the deadline. *See* LCR 7(h). Furthermore, as noted by King County

13 | Defendants, Plaintiffs failed to submit a declaration or affidavit containing the facts asserted in

14 | their Motion at the time of its initial filing. *See* LCR 7(b)(1) ("If the motion requires

15 | consideration of facts not appearing of record, the movant shall also serve and file copies of all

16 | affidavits, declarations, photographic or other evidence presented in support of the motion.").

17 | The Court will accept and consider Plaintiffs' Motion this time. But Plaintiffs are advised that

18 | any future extension requests must be filed sufficiently in advance of the deadline established in

19 | the scheduling order and that all future motions must include a declaration or affidavit containing

20 | the facts in support of the motion at the time of filing.

21 | With regard to Plaintiffs' Motion, Plaintiffs now submit in a declaration on reply that,

22 | between May 1, 2023, and May 22, 2023, Plaintiffs consulted at least five expert witnesses and

---

[3] Plaintiffs correctly assert that the totality of Mr. Lounsberry's expert witness report is 108 pages when considering all exhibits submitted with his report. (*See* Briggs Decl., Ex. 1.)

ORDER - 3

that "[s]ome experts witnesses informed me that they prefer working with an attorney but not with *pro se* litigant."[4] (Dkt. # 151 at ¶¶ 3-5.) Plaintiffs further submit that as of the time of filing of their reply, Plaintiffs are now consulting and planning to hire one of these experts. (*Id.* at ¶ 6.) The Court therefore finds that Plaintiffs' inability to retain a rebuttal expert witness in the time allotted in the scheduling order due to their *pro se* status, despite their efforts, amounts to good cause.

Accordingly, Plaintiffs' Motion (dkt. # 147) is GRANTED. Plaintiffs shall have up to and including **June 12, 2023**, to submit their rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2). No further extension will be granted. The Clerk is directed to send a copy of this Order to the parties.

Dated this 6th day of June, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[4] On reply, Plaintiffs appear to have abandoned their allegation that some experts did not want to testify against King County.

ORDER - 4